## EXECUTION STAYED PENDING DETERMINATION OF RIGHT TO SET-OFF.

Court of Appeals for Hamilton County.

CHARLES L. EVANS v. LOU BEDDINGER AND ELMER STEVIE.

Decided, March 8, 1915.

*Replevin—Rights of Surety on Bond in an Action in Replevin—Where His Principal Has an Action for. Damages Pending Against the Plaintiff—Set-off.*

The surety on a replevin bond against whom judgment has been entered is entitled to the benefit of any valid judgment obtained by his principal against the defendant in an action by such principal to recover damages for breach of a contract with reference to the same property involved in the replevin suit, where both his princi-

pal and such defendant are insolvent; and the action to recover for the breach of contract being a pending action, execution against the surety should be stayed until the amount of the set-off, if any, is therein determined.

*Cobb, Howard & Bailey* and *Henry L. Rockel*, for plaintiff in error.

*Dolle, Taylor & O'Donnell*, for Lou Beddinger.

CHITTENDEN, J.

Error to the court of common pleas.

The facts, so far as they need be stated in this opinion, are as follows: On or about February 17, 1911, Elmer Stevie and Lou Beddinger entered into an agreement whereby Stevie was to exchange his automobile with Beddinger for a motor launch and was to pay Beddinger $150 in cash. The automobile was delivered to Beddinger and Stevie paid him $139.20. After more than a year had elapsed and Beddinger had failed to deliver the motor boat to Stevie, Stevie brought an action in replevin to recover possession of the automobile. The plaintiff in error, Charles L. Evans, became surety on the replevin bond given in that action. On trial in the common pleas court a verdict was rendered in favor of Beddinger, and the jury having assessed the value of the automobile at $150, Beddinger elected to take the amount of the judgment in lieu of the automobile, and thereupon judgment was entered in favor of Beddinger against Stevie for $150. Execution was issued upon this judgment and returned unsatisfied. Evans was then cited to show cause why the judgment rendered against his principal should not be enforced against him. He appeared in response to such citation and filed his answer in which answer he set out in substance the facts concerning the trade between Stevie and Beddinger, and that his principal, Stevie, had begun an action in the Common Pleas Court of Hamilton County against Beddinger to recover damages in the sum of $450, alleged to have been suffered by him by reason of a breach of the contract of trade above referred to. He further alleged the insolvency of the defendant Beddinger, and asked that no further proceedings be taken against him during the pendency of the action by Stevie against

Beddinger until after judgment should have been entered
therein in favor of Stevie, and that then such judgment should
be set-off against the judgment of Beddinger, and that after
such set-off he be discharged from further liability on the bond.
To this answer a demurrer was filed which was sustained by the
court, and no further pleading being filed by Evans judgment
was entered against him in the sum of $150. Error is prose-
cuted in this court by Evans. He insists that the common pleas
court erred in sustaining the demurrer and entering judgment
against him.

We have considered the oral arguments of counsel and have
examined the briefs, and upon consideration of the question
involved, we conclude that Evans is entitled to the benefit of
having set-off against the judgment entered against him and his
principal, Stevie, any valid judgment obtained by Stevie against
Beddinger. At the time the matter was presented to the trial
court on the demurrer, no judgment had been rendered. The
allegations were simply that the action was pending, and we
think that the trial court was justified in declining to stay the
entering of judgment until after the case brought by Stevie
against Beddinger had been determined. No existing defense
was shown by Evans that would necessarily preclude the enter-
ing of judgment against him upon the summary proceedings
that were instituted to accomplish that purpose; but it is clear
that, in view of the allegations of the insolvency of Beddinger,
and the fact that Beddinger had been unable to satisfy his judg-
ment upon execution against Stevie, Evans was entitled to be
protected against the collection of the judgment from him until
such time as it should be determined that no valid set-off could
be obtained in the form of a judgment in favor of Stevie in the
pending suit. Therefore, we think, that while the trial court
did not err in sustaining the demurrer, it should have stayed
the issuing of execution upon such judgment until the right of
set-off could be determined in the then pending case of Stevie
v. Beddinger. It was stated by counsel in oral argument in
this court, and not disputed, that a verdict by direction of the
court was recently rendered in favor of Stevie for $150 in that
case.

Under the statutory power conferred upon this court to mod-
ify judgments, we will so modify the judgment of the common
pleas court as to stay the issuing of execution upon the judg-
ment until after the final determination of the action set out
in the answer of Evans.   The judgment as so modified will be
affirmed.

RICHARDS, J., and KINKADE, J., concur.